## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

SECURITIES AND EXCHANGE
COMMISSION,

                                    Plaintiff,

                v.

FRIEDMAN, BILLINGS, RAMSEY &
CO., INC., et al.,

                                    Defendants.

C.A. No. 06-2160 (RcL)

## FINAL JUDGMENT AS TO DEFENDANT
## FRIEDMAN, BILLINGS, RAMSEY & CO., INC.

The Securities and Exchange Commission having filed a Complaint and

Defendant Friedman, Billings, Ramsey & Co., Inc. ("FBR") having entered a general

appearance; consented to the Court's jurisdiction over FBR and the subject matter of this

action; consented to entry of this Final Judgment without admitting or denying the

allegations of the Complaint (except as to jurisdiction); waived findings of fact and

conclusions of law; and waived any right to appeal from this Final Judgment:

                                    I.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that FBR, and its

agents, servants, employees, attorneys and all persons in active concert or participation

with them who receive actual notice of this Final Judgment by personal service or

otherwise, are permanently restrained and enjoined from violating Section 5 of the

Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

        (a)     Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

        (b)     Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

        (c)     Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

II.

     IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that FBR, and its agents, servants, employees, attorneys and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise, are permanently restrained and enjoined from violating Section

15(f) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78o(f)] by failing to establish, maintain and enforce written policies and procedures for a broker or dealer reasonably designed, taking into consideration the nature of such broker's or dealer's business, to prevent the misuse of material, nonpublic information by such broker or dealer or any person associated with such broker or dealer.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that FBR, and its agents, servants, employees, attorneys and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise, are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Exchange Act [15 U.S.C. §78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

       (a)      to employ any device, scheme, or artifice to defraud;

       (b)      to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

       (c)      to engage in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person.

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that FBR, and its agents, servants, employees, attorneys and all persons in active concert or

3

participation with them who receive actual notice of this Final Judgment by personal service or otherwise, are permanently restrained and enjoined from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a)    to employ any device, scheme, or artifice to defraud;

(b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c)    to engage in any transaction, practice or course of business which operates or would operate as a fraud or deceit upon the purchaser.

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that FBR is liable for disgorgement of $2,205,604, representing profits that it gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $502,689 and a civil penalty in the amount of $687,546 pursuant to Section 21A of the Exchange Act [15 U.S.C. § 78u-1], a civil penalty in the amount of $300,000 pursuant to Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d)] and a civil penalty in the amount of $60,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)]. Defendant shall satisfy this obligation in two separate payments, as follows:

4

(a)      FBR shall pay disgorgement of $1,764,000, plus prejudgment

interest in the amount of $402,041, for a total payment of $2,166,041, within

thirty (30) business days after entry of this Final Judgment by certified check,

bank cashier's check, or United States postal money order payable to CompuDyne

Corporation.  The payment shall be delivered or mailed to CompuDyne

Corporation, attn: Geoffrey F. Feidelberg, Chief Financial Officer, 2530 Riva

Road, Suite 201, Annapolis, MD  21401, and shall be accompanied by a letter

identifying FBR as a defendant in this action, setting forth the title and civil action

number of this action and the name of this Court, and specifying that payment is

made pursuant to this Final Judgment.  A copy of the cover letter and money

order or check also shall be sent to Daniel M. Hawke, District Administrator,

Securities and Exchange Commission, 701 Market Street, Suite 2000,

Philadelphia, PA 19106; and

(b)      FBR shall pay disgorgement of $441,604, plus prejudgment

interest in the amount of $100,648 and civil penalties in the amount of

$1,047,546, for a total payment of $1,589,798, within thirty (30) business days

after entry of this Final Judgment by certified check, bank cashier's check, or

United States postal money order payable to the Securities and Exchange

Commission.  The payment shall be delivered or mailed to the Office of Financial

Management, Securities and Exchange Commission, Operations Center, 6432

General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be

accompanied by a letter identifying FBR as a defendant in this action, setting

forth the title and civil action number of this action and the name of this Court,

and specifying that payment is made pursuant to this Final Judgment.  A copy of

the cover letter and money order or check also shall be sent to Daniel M. Hawke,

District Administrator, Securities and Exchange Commission, 701 Market Street,

Suite 2000, Philadelphia, PA 19106.  The Commission shall remit the funds paid

pursuant to this subparagraph (b) to the United States Treasury.

FBR shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. §

1961.

## VI.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Consent is

incorporated herein with the same force and effect as if fully set forth herein, and that

FBR shall comply with all of the undertakings and agreements set forth therein.

## VII.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that this Court

shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final

Judgment.

## VIII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules

of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and

without further notice.

Dated:  __Dec. 22__ , 2006

_Royce C. Lamberth_
UNITED STATES DISTRICT JUDGE