UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                      Plaintiff,<br><br>v.<br><br>FRIEDMAN, BILLINGS, RAMSEY & CO., INC., et al.,<br><br>                      Defendants. | C.A. No. 06-2160 (RCL) |

## FINAL JUDGMENT AS TO DEFENDANT
## EMANUEL J. FRIEDMAN

The Securities and Exchange Commission having filed a Complaint and Defendant Emanuel J. Friedman ("Friedman") having entered a general appearance; consented to the Court's jurisdiction over Friedman and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Friedman and his agents, servants, employees, attorneys and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise, are permanently restrained and enjoined from violating Section 5 of

the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that Friedman, and his agents, servants, employees, attorneys and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise, are permanently restrained and enjoined, as controlling persons

pursuant to Section 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. §78t(a)], from violating, directly or indirectly, Section 10(b) of the Exchange Act [15 U.S.C. §78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

      (a)    to employ any device, scheme, or artifice to defraud;

      (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

      (c)    to engage in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person.

### III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that Friedman, and his agents, servants, employees, attorneys and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise, are permanently restrained and enjoined, as controlling persons pursuant to Section 20(a) of the Exchange Act [15 U.S.C. §78t(a)], from violating, directly or indirectly, Section 15(f) of the Exchange Act [15 U.S.C. §78o(f)] by failing to establish, maintain and enforce written policies and procedures for a broker or dealer, reasonably designed, taking into consideration the nature of such broker's or dealer's business, to prevent the misuse of material, nonpublic information by such broker or dealer or any person associated with such broker or dealer.

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that Friedman shall pay a civil penalty in the amount of $6,500 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)]. Friedman also shall pay, as a controlling person, a civil penalty in the amount of $687,546 pursuant to Section 21A of the Exchange Act [15 U.S.C. § 78u-1], and, as a controlling person pursuant to Section 20(a) of the Exchange Act [15 U.S.C. § 78t(a)], a civil penalty in the amount of $60,000 pursuant to Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d)]. Defendant shall make these payments totaling $754,046 within thirty (30) business days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Friedman as a defendant in this action, setting forth the title and civil action number of this action and the name of this Court, and specifying that payment is made pursuant to this Final Judgment. A copy of the cover letter and money order or check also shall be sent to Daniel M. Hawke, District Administrator, Securities and Exchange Commission, 701 Market Street, Suite 2000, Philadelphia, PA 19106. Friedman shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. The Commission shall remit funds paid pursuant to this paragraph to the United States Treasury.

V.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein and that Friedman shall comply with all of the undertakings and agreements set forth therein.

VI.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

VII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: _Dec 22, 2006_

_____
UNITED STATES DISTRICT JUDGE